# In the United States Court of Federal Claims

No. 12-312
Filed: July 29, 2015
Reissued for Publication: October 27, 2015[1]

```
* * * * * * * * * * * * * * *
KATIE LAMARE,                   *
                                *
                Petitioner,     *
                                *
        v.                      *
                                *   Motion for Review; Redaction;
SECRETARY OF HEALTH AND         *   Interim Fees Award.
HUMAN SERVICES,                 *
                                *
                Respondent.     *
                                *
* * * * * * * * * * * * * * *
```

O R D E R

**HORN, J.**

    **Paul S. Dannenberg**, Paul S. Dannenberg Law Offices, Huntington, VT, for the petitioner.

    **Voris E. Johnson**, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for the respondent. With him were **Benjamin C. Mizer**, Principal Deputy Assistant Attorney, **Rupa Bhattacharyya**, Director, Torts Branch, and **Vincent J. Matanoski**, Deputy Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

**FINDINGS OF FACT**

    The only issue before this court is whether or not to grant petitioner's request for redaction of the Special Master's Decision issued on December 8, 2014, denying an interim fees petition submitted by petitioner's attorney. On May 11, 2012, petitioner Katie Lamare filed a claim for compensation for injuries allegedly resulting from administration of the Human Papillomavirus Virus (HPV) Gardasil vaccinations, as well as attorneys'

---

[1] This opinion was issued under seal on July 29, 2015. The parties did not file a proposed redacted version of the opinion pursuant to Rule 18(b) of the Rules of the United States Court of Federal Claims (RCFC), Appendix B (2015) (Vaccine Rules). After subsequent review of the opinion by the court, the court believes no redactions are warranted, and, therefore, the original opinion is hereby unsealed and reissued without redaction.

fees and costs, under the National Vaccine Injury Compensation Program, which was established by the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3743 (codified as amended at 42 U.S.C. § 300aa-1 et seq. (2012)) (the Vaccine Act). Ms. Lamare stated that she received the vaccines on May 18, 2009, August 18, 2009, and February 9, 2010.

On September 24, 2014, petitioner's counsel filed an Interim Petition for Attorney Fees and Costs under the Vaccine Act with the Special Master. The fee request claimed $50,210.69 in interim fees and costs. Citing to Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008), petitioner's counsel argued that the case had been in litigation for two years and that the protracted nature of the proceedings warranted interim fees and costs. Petitioner's attorney also attempted to suggest that the case had been ongoing for two years prior to the date on which it was filed with the court.[2] Respondent objected to an award of interim fees and costs, arguing that interim fees and costs were not appropriate at the current juncture of the case. Respondent also asserted that any protracted proceedings were due to petitioner's repeated requests for extensions, including at least nine motions for time extensions, and not due to the nature of the proceedings. Respondent further argued that petitioner had not made a "special showing" that the particular cost of an expert warranted an interim award of fees and costs, and that petitioner had not demonstrated she would suffer "undue hardship" if fees and costs were not awarded at the current juncture of the case.

On December 8, 2014, the Special Master issued a Decision denying the petition for interim fees and costs. The Special Master found that the decision to grant an interim fees award is within the broad discretion of the Special Master, and that an interim fees award was not appropriate at the current posture of petitioner's case. The Special Master indicated that petitioner has "had a hand in delaying the matter," and that "nothing about Petitioner's experience with her expert suggests that an interim award is appropriate under the circumstances." The Special Master noted that petitioner's expert report "is itself brief by Program standards, and appears minimally (if adequately) compliant" with the Order issued by the Special Master offering guidelines for the contents of the expert reports to be filed. The Special Master concluded that "[t]he case has not been notably litigious or difficult to prosecute," and "[i]t is simply not evident to me that it would work an undue hardship on the Petitioner to deny her interim fee request at this time." On January 8, 2015, a judgment was entered denying petitioner's request for interim attorneys' fees and costs.

In a footnote on the first page of the Decision, the Special Master stated:

Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website,

---

[2] In his rejection of the interim fees request, the Special Master pointed out, however, that in the two years prior to the May 2012 filing of the vaccine petition on behalf of Ms. Lamare, the attorney had charged less than fifteen hours of billable time.

in accordance with the E-Government Act of 2002 . . . . [H]owever, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party . . . that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."[3]

On December 22, 2014, petitioner filed a timely Motion for Redaction of the Special Master's Interim Fees Decision pursuant to the Vaccine Rule 18(b). Petitioner requested that portions of the Interim Fees Decision, including her name, and/or information regarding her medical condition, be redacted. She argued that the publication of the medical information contained in the Decision denying interim fees and costs would constitute an "unwarranted invasion of petitioner's privacy" if disclosed. Petitioner claimed that the included information regarding her medical condition "could result in a negative impact on any future attempt at employment." Petitioner further argued that "there is no public purpose to be gained by including the petitioner's name in the decision and it would not inhibit the purposes of the Vaccine Act" to redact her name. Specifically, she requested "that her name be replaced by her initials to protect her privacy, or in the alternative remove all medical information." Respondent did not oppose petitioner's Motion for Redaction, and instead stated in the last line of its Response to Petitioner's Motion for Redaction: "Respondent defers to the Special Master's judgment as to whether petitioner's motion should be granted."

On February 27, 2015, the Special Master denied petitioner's Motion for Redaction, finding that petitioner had "failed to make a proper showing that the requested information should be redacted." According to the Special Master, petitioner had argued that disclosure "could" cause a negative impact on future employment, but did not "back up these assertions with any particularized showing that her personal circumstances or employment would cause the disclosure of such information to be more invasive or harmful to her than to other Vaccine Program petitioners." The Special Master stated that because "Ms. Lamare has not substantiated her concern that disclosure of her name or her illnesses would be harmful to her personally or professionally," the Motion for Redaction was denied.

On March 20, 2015, petitioner filed a Motion for Reconsideration of the Special Master's Order denying petitioner's Motion for Redaction. Petitioner argued that the Special Master did not "take notice of the particular circumstances of petitioner's illness, despite the fact that petitioner's motion explicitly explained that petitioner was concerned that disclosure of petitioner's identifying information 'could result in a negative impact on any future attempt at employment.'" Petitioner also argued that there is "no benefit to the public or public purpose in disclosing the names of injured petitioners, and the underlying

---

[3] It appears from a search of published records, however, that during the pendency of these redaction request proceedings, no publication of the Special Master's Decision denying petitioner's Interim Petition for Attorney Fees and Costs, Order denying petitioner's Motion for Redaction, or Order denying petitioner's Motion for Reconsideration has occurred to date.

3

opinions are not damaged by such name redactions." In petitioner's Motion for Reconsideration, petitioner's attorney asked the Special Master to "protect this injured petitioner's privacy and help her secure all possible future benefits of life and liberty by granting redaction of her name and any other identifying information, and replacing her name with her initials only."

Petitioner attached an affidavit to her Motion for Reconsideration, in which she stated:

> I have experienced employment discrimination since developing [the condition] and fear that this discrimination can only get worse with public release of my medical records. . . . I personally have been discriminated against in my employment when I was fired from my job as a lifeguard after reporting to my supervisor that I may have been having [manifestations of the condition].

In her affidavit, petitioner broadened her redaction request to include:

> any identifying information which could lead to my identification . . . my medical history . . ., my name, my mother's name, the names of any member of my family, my address, my date of birth, my Social Security number, the names or locations of my schools or treating physicians and any other identifying information.

The court notes that the majority of the additional redaction requests included in petitioner's affidavit, beyond petitioner's request to redact her name or medical history, are not referenced in the Special Master's Interim Fees Decision, which is the document currently under review by this court for a determination of whether redaction is appropriate. As noted above, in her original redaction request, petitioner only requested that "her name be replaced by her initials to protect her privacy, or in the alternative remove all medical information."

On March 27, 2015, prior to the Special Master's ruling on petitioner's Motion for Reconsideration, petitioner also filed a Motion for Review of the Special Master's Order denying her Motion for Redaction in the United States Court of Federal Claims. Because her earlier-filed Motion for Reconsideration was still pending before the Special Master when the Motion for Review was filed with this court, this court remanded the case to the Special Master on April 14, 2015, and directed the Special Master to rule on the Motion for Reconsideration before this court would consider petitioner's Motion for Review.

On May 22, 2015, the Special Master again denied petitioner's renewed request for redaction included in her Motion for Reconsideration. In the May 22, 2015 second denial of petitioner's request to redact, the Special Master indicated that Ms. Lamare's affidavit:

> does not significantly strengthen her grounds for seeking redaction. At best, she identifies a particular occasion in which she was terminated from her job as a lifeguard after her own *independent* disclosure of some of the

> symptoms she alleges occurred after she received the HPV vaccine. That anecdote does not, however, establish that the nonredacted publication of the Interim Fees Decision would similarly cause her harm.

(emphasis in original, internal citation omitted). The Special Master asserted that "Ms. Lamare has not established that her career as a lifeguard is threatened by a glancing reference to one of her alleged symptoms in a decision otherwise having nothing to do with the merits of her claim," and that "[s]he has similarly made no showing that her future employment is threatened." The Special Master stated that the Interim Fees Decision "referenced Ms. Lamare's alleged injuries (and they are at this point only allegations – not determined-to-be-true facts) only in passing" and that "the Interim Fee Decision does not sufficiently address the facts pertinent to the merits of Ms. Lamare's claim to raise the kind of privacy concerns that have justified redaction in other cases." The Special Master noted in his Order denying petitioner's Motion for Reconsideration that the timing of petitioner's request "remains premature." According to the Special Master:

> Given the above, Ms. Lamare's privacy interests are outweighed by the Vaccine Act's presumption that petitioner names should be associated with a case until it is more evident that a "clearly unwarranted" privacy invasion has been demonstrated, based upon the contents of the decision, as well as the personal circumstances of the relevant petitioner. Again – and as special masters in *Langland* [v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb 3, 2011) (unpublished), mot. for rev. denied, 109 Fed. Cl. 421 (2013)], *Anderson* [v. Sec'y of Health & Human Servs., No. 08-0396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. Jun. 4, 2014) (unpublished)], and other cases have exhaustively demonstrated through painstaking review of the Vaccine Act and its subsequent history – that presumption is woven into the Act's privacy provisions. *Anderson*, 2014 WL 3294656, at *9 ("Congress could have provided the anonymity petitioners seek. It did not"). Rare circumstances are conceivable in which a petitioner might be able to establish that even the most circumspect reference to her symptoms in an early ruling raised sufficient privacy concerns to justify redaction before a full entitlement decision – but the affidavit accompanying Ms. Lamare's Reconsideration Motion does not do so.
>
> The Vaccine Rules themselves do not contemplate redaction merely because a claim alleges an injury the petitioner would prefer remain confidential – but Ms. Lamare in effect asks for the adoption of such a standard. The better approach is to maintain the practice (consistent with the Vaccine Act) of permitting redaction only *after* a substantive decision has been issued that discusses the petitioner's symptoms in sufficient detail to constitute a "clearly unwarranted" invasion of privacy.

(emphasis in original).

On May 26, 2015, after the Special Master's denial of petitioner's Motion for Reconsideration, petitioner filed a status report in this court, asking the court now to consider her earlier-filed Motion for Review. In her March 23, 2015 Motion for Review, petitioner argues that the Special Master's Order denying redaction is contrary to law, and that the information contained in the Special Master's Interim Fees Decision "constitutes medical information which if disclosed would be a clear unwarranted invasion of petitioner's privacy." Petitioner argues that she has a "sound basis for having concerns that her future employment prospects may be compromised if her confidential medical conditions are published and available to the public." Petitioner further argues that her medical condition "can be and is perceived to be a handicap by many employers, therefore making her less competitive in the job market and subjecting her to employment discrimination." Petitioner asserts that she "had experienced employment discrimination since developing [her condition]," having been fired from her job as a lifeguard when she reported to her supervisor that she had manifestations of the condition. Petitioner, therefore, asserted that she has a "sound basis for requesting redaction of her private medical information." Petitioner suggests that, "[t]here is no public purpose to be gained by including the petitioner's name in the [Interim Fees] Decision and it would not inhibit the purposes of the Vaccine Act if redacted." She further argues that "[t]he special masters' current practice of routinely denying motions for redaction can only have an increased chilling effect on petitioners filing to seek compensation and redress for their injuries." Petitioner's attorney concludes, "[t]here is absolutely no reason the public needs to know Katie Lamare's identity. It is possible to fully understand the case if her name was redacted to initials."[4]

---

[4] The court notes that on the first two pages of the Motion for Review filed in this court, petitioner and her counsel request "redaction of petitioner's name, family names, the name of her schools, and any other identifying information. In the alternative, petitioner requests the court redact **all** medical information." (emphasis in original). The court further notes, as also indicated above, that much of this information does not even appear in the Special Master's Interim Fees Decision. In the final sentence of petitioner's Motion for Review, however, petitioner makes a sole request for this court to order that petitioner's "name be redacted from the Decision and replaced with K.L. only." Prior to filing the Motion for Review in this court, petitioner's requests for redaction also were not consistent. In petitioner's original redaction request filed with the Special Master, petitioner requested only that her name and or medical condition be redacted. In the affidavit attached to petitioner's Motion for Reconsideration filed with the Special Master, petitioner, however, requested redaction of:

> any identifying information which could lead to my identification . . . my medical history . . ., my name, my mother's name, the names of any member of my family, my address, my date of birth, my Social Security number, the names or locations of my schools or treating physicians and any other identifying information.

6

On June 18, 2015, the government responded to petitioner's Motion for Review in this court, arguing that, "petitioner has not shown that the special master's determinations were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law." Respondent argues that the Vaccine Act's "use of the term 'clearly unwarranted invasion of privacy' to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision," and that petitioner has failed to do so. (quoting 42 U.S.C. § 300aa-12(d)(4)(b)(ii)). Respondent also argues that the Special Master's ruling "reflects a reasoned and reasonable balancing of the applicable public and private interests, consistent with the language and structure of the Act," and asks that this court affirm the Special Master's Order denying the Motion for Redaction and the Order denying the Motion for Reconsideration. As instructed by the court, on July 2, 2015, petitioner submitted a reply brief, which essentially reiterated the earlier arguments offered by Ms. Lamare and which only requests that "her name be redacted to her initials, K.L. in all instances."

## DISCUSSION

Congress passed the Vaccine Act in 1986 and established a forum in which individuals who were injured by vaccines could bring claims. See generally 42 U.S.C. § 300aa-12 et seq. (2012). "[W]ithin the United States Court of Federal Claims an office of special masters" was created. 42 U.S.C. § 300aa-12(c)(1). The Vaccine Act granted the United States Court of Federal Claims and the Court of Federal Claims Special Masters jurisdiction to conduct proceedings under the Vaccine Act. 42 U.S.C. § 300aa-12(a).

When a Special Master is assigned a petition for review, the Vaccine Act directs that the Special Master "shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A). The United States Court of Federal Claims was given authority to "review the decision" of the Special Master. 42 U.S.C. § 300aa-12(e)(1). Review by a judge of the United States Court of Federal Claims is conducted in accordance with 42 U.S.C. § 300aa-12(e)(2), which states:

> [T]he United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter --
>
> **(A)** uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> **(B)** set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
>
> **(C)** remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2). Whether the Court of Federal Claim's review pursuant to the statute is limited to decisions on "compensation" by the Special Master, or is broader and includes review of all decisions, has been interpreted differently by judges of this court

and Special Masters. The statute, however, indicates that the court may "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 42 U.S.C. § 300aa-12(e)(2)(B), suggesting broader jurisdiction to review all decisions by the Special Masters, perhaps leaving only an issue of timing as to whether review of decisions by a Special Master must await issuance of a decision regarding compensation first.

A judge of the United States Court of Federal Claims previously interpreted jurisdiction over a decision of a Special Master not to be confined to review of the Special Master's decision granting or denying compensation for a vaccine injury. See Bernhardt v. Sec'y of Health & Human Servs., 82 Fed. Cl. 287, 292 (2005). The judge determined that jurisdiction extends to all determinations of a Special Master for which relief may be sought under RCFC 60 governing relief from a judgment or order. Id. The court in Bernhardt reasoned that the Vaccine Program was established in the Court of Federal Claims by the Vaccine Act, that the Office of Special Masters is merely an "instrumentality of the court," and that "there is nothing in the language of the [Vaccine] Act to suggest that this division of adjudicatory responsibility between court and special master was intended to suspend or displace the court's underlying jurisdiction under the Vaccine Act." Id. (citing 42 U.S.C. § 300aa-12(c)(1) ("There is established within the United States Court of Federal Claims an office of special masters.")). The court in Bernhardt concluded by stating, "we read section 12(e)'s reference to the court's jurisdiction to consider a motion for review of a special master's decision as an iteration of the court's existing jurisdiction under the Vaccine Act rather than as a proclamation of its only jurisdictional grant under the Act." Id. Other judges of the court, however, have declined to review decisions of Special Masters that were not "final" decisions, finding that the court does not have jurisdiction to review decisions of the Special Masters that do not decide an issue of compensation. See Spratling v. Sec'y of Health & Human Servs., 37 Fed. Cl. 202, 203 (1997) (finding that the Court of Federal Claims does not have jurisdiction to review Special Masters' interim decisions); see also Lemire v. Sec'y of Health & Human Servs., 60 Fed. Cl. 75, 80 (2004) (finding that the Court of Federal Claims does not have jurisdiction to review a Special Master's decision reinstating a claim after it had been dismissed because it was not a final decision); Weiss v. Sec'y of Health & Human Servs., 59 Fed. Cl. 624, 627 (2004) (finding that the Court of Federal Claims lacked jurisdiction over a Special Master's decision rejecting an expert opinion).

Although this court endorses the broader view articulated in Bernhardt, such conclusion is not necessary to exercise jurisdiction over the Motion for Review currently before the court, given the United States Court of Appeals for the Federal Circuit's decision in Shaw v. Secretary of Health and Human Services., 609 F.3d 1372 (Fed. Cir. 2010). In Shaw, the Federal Circuit interpreted 42 U.S.C. § 300aa-12(e) to confer the Court of Federal Claims with jurisdiction to review interim Special Master's decisions on petitions for interim attorneys' fees. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d at 1376 (finding that the Court of Federal claims has jurisdiction to review an Interim Petition for Attorneys' Fees because an interim attorneys' fees decision is a separate decision on compensation). Although petitioner's request for redaction does not challenge the Special Master's rejection of the request for interim fees and costs on the merits, the Decision of the Special Master on petitioner's Interim Petition for Attorney Fees and Costs

was a final Decision by the Special Master on an issue regarding compensation. A request for redaction also suggests that immediate review by the court of a Motion for Redaction is appropriate in the spirit of the Vaccine Act to protect information and avoid a "clearly unwarranted invasion of privacy" in the appropriate case. See 42 U.S.C. § 300aa-12(d)(4)(B)(ii).

Underlying how to approach requests for redaction is the general congressional intent that, in order to advance public health and public awareness about vaccines, and to collect and disseminate information about vaccines, including adverse reactions and injuries, Congress specifically required in the Vaccine Act that Special Masters' decisions be made available to the public. 42 U.S.C. § 300aa-12(d)(4)(B). In section 12 of the Vaccine Act, Congress indicated: "A decision of a special master . . . in a proceeding shall be disclosed," subject to limited exceptions for certain types of information, such as "trade secret or commercial or financial information which is privileged and confidential," 42 U.S.C. § 300aa-12(d)(4)(B)(i), and "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 42 U.S.C. § 300aa-12(d)(4)(B)(ii). Congress, however, did not specify when the disclosure of such information would constitute a "clearly unwarranted invasion of privacy."

Pursuant to the Vaccine Act, the United States Court of Federal Claims promulgated the Vaccine Rules which govern practice before the Office of Special Masters, including a rule regarding requests for redaction of decisions issued by Special Masters. Vaccine Rule 18(b) mirrors the language of 42 U.S.C. § 300aa-12(d)(4)(B), stating:

> A decision of the special master or judge will be held for 14 days to afford each party an opportunity to object to the public disclosure of any information furnished by that party:
>
> **(1)** that is a trade secret or commercial or financial in substance and is privileged or confidential; or
> **(2)** that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy.
>
> An objecting party must provide the court with a proposed redacted version of the decision. In the absence of an objection, the entire decision will be made public.

Vaccine Rule 18(b). This Rule, like the statute, provides no specific guidance concerning the type of disclosure that constitutes a "clearly unwarranted invasion of privacy." The decision of whether or not to redact information included in a Special Master's order or decision is left to the discretion of the Special Master, with an opportunity reserved to the parties "to object to public disclosure of any information furnished by that party." Vaccine Rule 18(b).

By their very nature, cases brought under the Vaccine Act involve individual, personal, and medical information. Congress, however, did not direct that all records, orders, or decisions in Vaccine Act cases automatically should be sealed. To the contrary,

9

Congress indicated its intention that certain types of information developed as a result of Vaccine Act litigation should be in the public domain, while also expressing a cautionary note regarding the publication of an individual's name. See S. Rep. No. 99-483, at 17-18 (1986) (The Senate Committee "believes that information regarding the adverse reactions to childhood vaccines including locality and State of immunization, date of the vaccination, information concerning reported symptoms, manifestation of resulting illness, disability, or injury and name of the health care provider should be a matter of public record. But the Committee does not believe that the name of the individual who suffered an adverse reaction need be available to the public and the bill contains a prohibition against releasing information which may identify the individual to the general public."). The Vaccine Act, as passed, also does not direct that a petitioner's name or medical information must be included in all Decisions or Orders issued by a Special Master. According to the statute, the only time that a petitioner's name generally is made public is when a petitioner's name is included in the Federal Register upon the filing of a petition, in which instance no substantive medical information is included in the posting. See 42 U.S.C. § 300a-12(b)(2) ("Within 30 days after the Secretary receives service of any petition filed under section 300aa-11 of this title the Secretary shall publish notice of such petition in the Federal Register.").

In his denial of petitioner's Motion for Redaction, the Special Master considered whether the information he had included in his Decision to deny the interim fees request should not be disclosed because such disclosure "would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d)(4)(B)(ii). The Special Master determined that petitioner only had asserted "in conclusory fashion that disclosure in the Interim Fee Decision of her name and/or information about the illnesses she alleges she has experienced after receipt of the HPV vaccine would constitute an unwarranted invasion of privacy." He also determined that petitioner had not identified reasons or a specific privacy interest that would render disclosure of her medical condition particularly harmful in her circumstances, nor had petitioner demonstrated any greater privacy interest than any other petitioner under the Vaccine Act.

In their briefs to this court on petitioner's Motion for Review, petitioner and respondent both reference two of the most frequently cited cases on this issue, W.C. v. Secretary of Health and Human Services, 100 Fed. Cl. 440 (2011) (a decision issued by a judge of the Court of Federal Claims), aff'd, 704 F.3d 1352 (Fed. Cir. 2013), and Langland v. Secretary of Health and Human Services, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb 3, 2011) (unpublished), mot. for rev. denied, 109 Fed. Cl. 421 (2013) (a decision issued by a Special Master), which offer two distinct approaches to requests for redaction of a Special Master's decision on the merits of a petitioner's entitlement claim. In W.C. v. Secretary of Health and Human Services, the Special Master denied the Motion to Redact, arguing that there is a common law right to public access to judicial files. See W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. at 459-60. The reviewing United States Court of Federal Claims judge declined to defer to the discretion exercised by the Special Master in the decision on redaction, finding that the case involved an issue of statutory interpretation and, therefore, was subject to de novo review. See id. at 457. The judge indicated that:

10

> Notwithstanding the fact that the special master's Redaction Decision turned virtually entirely upon issues of statutory interpretation, the government urges the court to regard the special master's decision to deny redaction as an exercise of discretion. The court cannot accept this contention by the government. It is axiomatic that the court "owe[s] no deference to the . . . special master on questions of law." Statutory construction is a matter of law, reviewed de novo. In the circumstances of this case, the court treats the issue of redaction as a question of law with a relatively minimal attendant question of applying law to the facts.

Id. (internal citations omitted). The W.C. judge compared the privacy provisions of the Vaccine Act to provisions in the Freedom of Information Act (FOIA). See 5 U.S.C. § 552(b)(6) (2012) (stating that the government must make information publicly available except "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). The W.C. judge relied on the FOIA "balancing of interests" test for the basis of his decision, stating, section 552(b)(6) "requires the Court to balance 'the individual's right of privacy' against the basic policy of opening 'agency action to the light of public scrutiny.'" W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. at 459 (quoting United States v. Ray, 502 U.S. 164, 175 (1991)). He stated that the purposes of the Vaccine Act are not served by requiring a petitioner's name to be disclosed to the public. The W.C. judge argued that "[s]uch disclosure may discourage potential petitioners from filing new cases, thus tending to inhibit public awareness of vaccines and their risks." Id. at 460. The W.C. judge cited the Senate Committee Report, quoted above, which discussed the bill that became the Vaccine Act when it was passed into law in 1986, and which indicated that the Committee did not believe that an individual's name, who filed a vaccine case, must be available to the public. Id. at 457 (citing S. Rep. No. 99–483, at 18 (1986)). Weighing the petitioner's privacy interest against the public interest in disclosure under the Vaccine Act, the judge in W.C. overturned the Special Master's denial of the Motion to Redact and redacted the petitioner's name to initials in the entitlement decision, as well as in the decision reviewing the Special Master's entitlement decision and the Special Master's denial of the Motion to Redact. Id. at 461.

In Langland v. Secretary of Health and Human Services,[5] the petitioners requested redaction of all medical information, or in the alternative, redaction of their names and their injured minor child's name, as well as other identifying information, from the Special Master's decision denying compensation under the Vaccine Act. Langland v. Sec'y of Health & Human Servs., 2011 WL 802695, at *1. The Special Master in Langland denied the request to redact medical information and denied redaction of identifying information for the minor's parents. Id. at *11. In accordance with RCFC 5.2, however, the Special Master redacted the minor petitioner's name to initials and the child's birth date to the birth year. Id. at *10. The Special Master noted that section 12(b)(2) of the Vaccine Act requires the Secretary of Health and Human Services to publish all vaccine claims in the

---

[5] The petitioner's counsel in Langland v. Secretary of Health and Human Services, Paul Dannenberg, is also counsel for petitioner in the case currently before the court.

11

Federal Register. Id. at *6. The Special Master further indicated in Langland that Congress specifically ensured that all information submitted in the course of adjudication of a vaccine claim would be protected, see 42 U.S.C. § 300aa-12(d)(4)(a), and pointed out that despite protecting information during adjudication, Congress mandated publication of Special Masters' decisions. Langland v. Sec'y of Health & Human Servs., 2011 WL 802695, at *6; see also 42 U.S.C. § 300aa-12(d)(4)(b). Finally, the Special Master indicated that Congress had conferred authority on the Special Masters to redact only a specific subset of information as outlined in 42 U.S.C. § 300aa-12(d)(4)(B)(i) and (ii). Langland v. Sec'y of Health & Human Servs., 2011 WL 802695, at *6. According to the Langland Special Master, redacting medical information would "render special masters' decisions meaningless," and she found that the petitioners had not satisfied the criteria for redaction of medical information or made a special showing that disclosure was "clearly unwarranted." Id. at *8. The Special Master speculated that there may be situations when disclosure would amount to an unwarranted invasion of privacy, such as when the decision involved "sexual misconduct or dysfunction," but found that the instant case was not one of those situations. Id. at *9. The Langland Special Master also found that the E-Government Act of 2002, in conjunction with the Vaccine Act, limited the scope of identifying information that should be redacted.[6] Id. at *9-10. The Special Master also pointed out that it was consistent with the Special Masters' regular practice not to redact medical or identifying information. Id. at *11.

In his Order denying petitioner's Motion for Redaction of his Interim Fees Decision, the Special Master in Ms. Lamare's case briefly discussed both W.C. and Langland. While

---

[6] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (2002), instructs the federal judiciary to make records available to the public electronically, but it also recognizes that some information should not be publicly disclosed. See E-Government Act § 205(c)(3)(A) ("The Supreme Court shall prescribe rules . . . to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically."). In response to the E-Government Act, the United States Court of Federal Claims adopted RCFC 5.2 "Privacy Protection For Filings Made with the Court," which states:

> **(a) Redacted Filings**. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> **(1)** the last four digits of the social-security number and taxpayer-identification number;
> **(2)** the year of the individual's birth;
> **(3)** the minor's initials; and
> **(4)** the last four digits of the financial-account number.

RCFC 5.2(a). (emphasis in original). Ms. Lamare was not a minor at the time her case was filed, and, therefore, redaction of her name is not required under RCFC 5.2.

he recognized that the two cases presented inconsistent results, the Special Master concluded, "I need not, however, harmonize these two competing authorities, or conclusively adopt one or the other in ruling on Ms. Lamare's motion – for I find that under either approach, Petitioner has failed to make a proper showing that the requested information should be redacted." The Special Master also stated that decisions by the Court of Federal Claims, such as W.C., are not binding on the Special Masters, and argued that even when a Special Master follows the lenient standard for redaction set forth in W.C., requests for redaction have been denied because they failed to substantiate the basis for the request.

In his Order denying petitioner's Motion for Reconsideration, the Special Master repeated much of the language discussing the two competing authorities he had discussed in his previous Order denying the original Motion for Redaction. The Special Master stated that "even though *W.C.* and *Langland* remain in opposition, they are alike in a critical respect: both require a petitioner to make some kind of affirmative showing to establish the purported privacy interest threatened by publication of names or facts about a petitioner's medical history in an entitlement decision." The Special Master distinguished W.C. from the current case by stating that in W.C.,

> the petitioner requesting redaction of his name explained that he regularly testified as a government expert in other legal proceedings, and was thus reasonably concerned that disclosure of facts relating to his illness would, if linked to his name, potentially provide grounds for attacking his credibility as an expert – thus harming him professionally and economically.

The Special Master also distinguished both W.C. and Langland from petitioner's case in that W.C. and Langland both involved redaction of entitlement decisions "in which the petitioner's claim had been discussed in great detail in the process of determining the petitioner's ultimate right to compensation." The Special Master noted that he was "unaware of any other published decisions or orders granting a request to redact under such circumstances" as those in the instant case, which involve an interim decision, as opposed to a final entitlement decision.

In the above captioned case, the Special Master exercised his discretion to deny petitioner's redaction request. The Special Master's decision not to redact petitioner's name or medical information included in his Decision denying interim fees and costs is not contrary to binding law or precedent of the United States Supreme Court, the United States Court of Appeals for the Federal Circuit, or the United States Court of Federal Claims. His decision also does not violate any provisions of the Vaccine Act, the Vaccine Rules, or the Rules of this court. The Special Master based his decision on what he deemed the petitioner's failure to provide sufficient cause to justify redaction. See, e.g., Anderson v. Sec'y of Health and Human Servs., No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. Jun. 4, 2014) (denying redaction because petitioner desired anonymity but did not provide a sufficient reason for redaction) (unpublished); Eisler v. Sec'y of Health & Human Servs., No. 10-786V, 2013 WL 221522, at *4 (Fed. Cl. Spec. Mstr. Jan. 11, 2013) (denying redaction when petitioner argued that she did not want her estranged father to learn about her compensation award, finding that petitioner's concerns were only speculative and not sufficient for redaction) (unpublished); House v.

Sec'y of Health & Human Servs., No. 99-406V, 2012 WL 402040, at *6 (Fed. Cl. Spec. Mstr. Jan 11, 2012) (denying redaction because petitioner failed to identify a specific reason for redaction) (unpublished); Pearson v. Sec'y of Health & Human Servs., No. 03-2751V, 2011 WL 4863717, at *5 (Fed. Cl. Spec. Mstr. Sept. 22, 2011) (denying redaction when petitioner claimed he did not want his name and award information disclosed, finding that the request for anonymity without justification was not sufficient for redaction) (unpublished); Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *14 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (denying redaction because petitioner failed to identify a specific reason for redaction beyond a preference for privacy) (unpublished).

Although judges of the Court of Federal Claims and the Vaccine Special Masters have allowed redaction of individual identifying information in cases such as Ms. Lamare's involving an individual's concern regarding current and future employment, the Special Master based his Decision on what he perceived to be an unsubstantiated request for redaction by Ms. Lamare. See, e.g., W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. at 461; see also C.S. v. Sec'y of Health & Human Servs., No. 07-293V, 2013 WL 4780019, at *5 (Fed. Cl. Spec. Mstr. Aug. 19, 2013) (finding that an individual's concern that disclosure of his condition could jeopardize his effectiveness at his job outweighed public interest in disclosure and was sufficient to justify redaction of his name to his initials) (unpublished); A.K. v. Sec'y of Health & Human Servs., No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (finding that petitioner's concern that disclosure of her inflammatory arthritis could affect her candidacy with future employers was a sufficient reason to redact her name to her initials) (unpublished). The issuance of some decisions allowing redaction because of concerns about future employment impact, however, does not mandate a Special Master to consider employment concerns as requiring redaction. Each Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.

If the undersigned had been the original reviewer of petitioner's Interim Petition for Attorney Fees and Costs, the court would not have included the medical information the Special Master gratuitously inserted at the beginning of his Interim Fees Decision, which denied the petitioner's request for such fees and costs. The medical information included by the Special Master was not of any relevance to the reasoning offered in support of his rejection of the interim fees and costs award, and his Decision on the subject of interim fees and costs does not further the purposes of the Vaccine Act to disseminate medical information. See H.R. Rep. No. 99-908 (1986), reprinted in 1986 U.S.C.C.A.N. 6344, 6344 (stating that the purpose of the Vaccine Act is to advance public health and awareness through collection and dissemination of information about vaccines, including adverse reactions and injuries). Moreover, the undersigned would not have chosen the words the Special Master used, twice characterizing his reference to petitioner's medical information as a "glancing reference to one of her alleged symptoms" in his Order Denying Motion for Reconsideration. Nonetheless, the court does not find that the Special Master abused his discretion to deny petitioner's requests for redaction of the Special Master's Interim Fees Decision. Petitioner's independent disclosure of her condition to her employer suggests that she is responsible for managing her condition and weakens her claim that her primary concern is that employers might find out from public court

documents that she has a medical condition. Moreover, the Special Master left the door open in his Order denying the Motion for Redaction and his Order denying the Motion for Reconsideration to a future request to redact medical information or other information from the record and future opinions, once the case has progressed further. The Special Master explained his standard, stating that redaction may be appropriate if petitioner offers a "particularized showing that her personal circumstances or employment would cause the disclosure of such information to be more invasive or harmful to her than to other Vaccine Program petitioners," or "*after* a substantive decision has been issued that discusses the petitioner's symptoms in sufficient detail to constitute a 'clearly unwarranted' invasion of privacy." (emphasis in original). Although the undersigned is not convinced a comparative standard between petitioners, rather than a case-by-case analysis, is appropriate, the Special Master did invite petitioner to continue to more explicitly demonstrate any potential negative impacts on her current or future circumstances at a later date in order to convince him that all or part of the record warrants redaction. The undersigned also is not convinced that waiting for a final entitlement decision is proper, if redaction otherwise would be appropriate.

      Given what appears to be an unnecessary reference to petitioner's medical information in the Interim Fees Decision, in which the medical information is not germane to the subject of the Decision, the court reluctantly denies petitioner's request for redaction. The court believes that the inclusion by the Special Master of the medical information in his Decision denying interim fees and costs is unfortunate, but his refusal to redact cannot be determined to be obviously arbitrary and capricious. As noted above, the medical descriptions the Special Master included in his interim fees and costs Decision offer no valuable, substantive, or relevant information to serve the purposes of the Vaccine Act to gather and disseminate information regarding adverse reactions to vaccines, nor is it in any way necessary or helpful to allow a reader to understand his Interim Fees Decision. Although not directing the Special Master to redact his Interim Fees Decision, the court strongly urges the Special Master to reconsider his refusal to do so, and to consider redacting the medical information before the Special Master's Interim Fees Decision and related documents submitted and decided as part of the Special Master's consideration of the Motion for Redaction and the Motion for Reconsideration are released to the public, which, after investigation, it appears has not yet occurred. Different considerations may or may not be relevant when the Special Master issues a decision on the merits of petitioner's case. This court addresses only petitioner's request with respect to the Special Master's Interim Fees Decision and subsequent litigation regarding that Decision.

## CONCLUSION

      Petitioner's Motion for Review of the Special Master's Order denying petitioner's Motion for Redaction, dated March 27, 2015, is, reluctantly, **DENIED.**

      **IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**
