# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-312V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KATIE LAMARE, | Filed: February 27, 2015 |
| Petitioner, | |
| | Special Master Corcoran |
| v. | |
| SECRETARY OF HEALTH AND | Motion for Redaction; |
| HUMAN SERVICES, | Interim Fee Award; Human |
| | Papillomavirus ("HPV") Vaccine |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Paul Dannenberg*, Huntington, VT, for Petitioner.

*Lynn Ricciardella*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION TO REDACT[1]

On May 11, 2012, Katie Lamare filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"[2]). Pet., dated May 11, 2012 (ECF No. 1); Amended Pet., dated Mar. 11, 2013 (ECF No. 24).[3] Petitioner alleges that she suffered a

---

[1] Because this order contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended, 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole order will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] The original Petition that Ms. Lamare filed merely alleged that she was injured as a result of her receipt of the HPV/Gardasil vaccinations. Pet. (ECF No. 1) at 2. Petitioner subsequently filed an Amended Petition (as per Special Master Moran's December 11, 2012 order (ECF No. 15)) specifying the injuries that she alleges were caused by her receipt of vaccinations in question. Amended Pet. (ECF No. 24) at 1.

variety of injuries (including partial onset epilepsy, seizures, and migraine headaches) as a result of the human papillomavirus ("HPV") vaccinations she received between May 2009 and February 2010. Amended Pet. at 1.

This past fall, Ms. Lamare petitioned for an interim fee award on behalf of her attorney, Paul Dannenberg, but I denied the fee petition by a decision dated December 8, 2014 (ECF No. 63) ("Interim Fee Decision"). Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Interim Fee Decision including Petitioner's name and/or descriptions of her alleged illnesses. Mot. for Redaction (ECF No. 64). For the reasons stated below, I deny Petitioner's motion.

**Procedural Background**

Ms. Lamare's claim alleges that she "received HPV/Gardasil vaccinations on May 18, 2009, August 18, 2009, and February 9, 2010," and that she "was injured as a result of receiving these vaccinations." Amended Pet. at 1. In particular, Petitioner asserts that she was "diagnosed with seizure disorder with profound and prolonged post ictal state" and "suffered the residual effects of such injury for more than six months after administration of the vaccines." *Id.* at 1-2.

After initiating this action in May 2012, Ms. Lamare began filing medical records in support of her claim, completing the process approximately one year later. Respondent's Rule 4(c) Report was filed in June of 2013. ECF No. 30. Thereafter, the special master previously presiding over this action ordered Petitioner to file a damages affidavit in July, followed by a status report in August identifying an expert and proposing a date for filing of an expert report. *See* Scheduling Order, dated June 17, 2013 (ECF No. 31). Petitioner subsequently requested numerous extensions of time to file that report, accomplishing the task by mid-June of 2014. ECF No. 54.

Ms. Lamare then filed some additional medical records and medical literature (ECF No.'s 55-56) before filing an interim fee petition on September 24, 2014 (ECF No. 57). Respondent filed an opposition to the fee petition to which Ms. Lamare replied. ECF No.'s 60-61. I subsequently issued the Interim Fee Decision, in which (in the exercise of my discretion) I determined that an interim fee award was not justified under the circumstances of this case. ECF No. 63.

Petitioner thereafter filed the present Motion for Redaction on December 22, 2014 (ECF No. 64) ("Redaction Motion"), arguing that (applying the analysis for deciding redaction requests set forth by Judge Lettow of the Court of Federal Claims in *W.C. v. Sec'y of Health & Human Servs.*, 10 Fed. Cl. 440 (2011), *aff'd on other grounds*, 704 F.3d 1352 (Fed. Cir. 2013)) under Vaccine Rule 18(b), redaction of her name and/or certain information pertaining to her alleged illnesses is appropriate because their disclosure would constitute an unwarranted invasion of privacy. Respondent filed a response to the Redaction Motion on January 6, 2015 (ECF No. 66). In it, she discussed *W.C.* along with a special master's decision relevant to the topic of redaction,

*Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013). Respondent did not, however, take a position on the merits of the Redaction Motion, but instead left the matter to my discretion.

**Analysis**

I.   <u>Law Governing Requests to Redact Decisions and Rulings</u>

In the Vaccine Program, the records and pleadings filed in connection with a petitioner's claim are treated as confidential. *See, e.g.*, Vaccine Rule 18(a); 42 U.S.C. § 300aa-12(d)(4)(A) ("information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information"). Until such time as an entitlement decision (or any other reasoned decision or ruling that might disclose arguably confidential information) issues, **all** court filings may be viewed only by the parties, the judge or special master to whom the case is assigned, or other special masters. 42 U.S.C. § 300aa-12(d)(4)(A); *see also Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2012 WL 4450835, at *2 (Fed. Cl. Spec. Mstr. June 25, 2012).

Once a special master issues a written decision or ruling, information related to the case will foreseeably be disclosed therein. Nevertheless (and as explicitly recognized in the first footnote of this order), the parties are afforded the opportunity to object to the disclosure of information they consider private or confidential by requesting redaction of such information. 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Those categories of information include "medical files and similar files" (Vaccine Rule 18(b)(2)), although decisions by other special masters, as well as the Court of Federal Claims, have also construed a petitioner's name to be properly subject to redaction in some circumstances. *See generally W.C.*, 100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act ("FOIA"), claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8 (petitioners not entitled to redact their names from decision where they failed to establish compelling grounds for so doing).

As Respondent's brief indicates, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. Applying the *Langland* standard, special masters have held that a petitioner seeking redaction of a ruling or decision must establish a "compelling reason, tailored to meet the individual interest it serves" – a general preference for privacy is not enough. *Anderson v. Sec'y of Health & Human Servs.*, No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (quoting *Langland*, 2011 WL 802695, at *7-8). Based on the language of the Vaccine Act itself, and the provisions in it discussing redaction, "a petitioner requesting redaction of a decision must [] make an affirmative, factual

3

showing that redaction is proper" to prevail. *See Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

*W.C.*, by contrast, emphasizes that a petitioner's privacy interests should be balanced against "the public purpose of the Vaccine Act" in the same manner as such interests are balanced under the FOIA (given the similarities of its privacy provisions). *W.C.*, 100 Fed. Cl. at 460-61. In so doing, "unwarranted" or "significant" invasions of privacy occasioned by disclosure of sensitive information weigh in favor of redaction. *Id.* The standard *W.C.* applies to redaction requests is thus somewhat more lenient, as it asserts that the "right to access public records in civil cases" that counsels in favor of the disclosure of names and other sensitive information need not be as carefully guarded in Vaccine Program cases, which are statutorily intended to be more summary and less adversarial in nature. *Id.* at 460. As *W.C.* reasons, because Vaccine Program decisions serve the purpose of disseminating information about possibly adverse vaccine reactions, disclosure of a petitioner's name or information about her illness is not always necessary to effectuate that purpose. *Id.*

II.     Appropriateness of Redactions Requested in Petitioner's Motion

Ms. Lamare asserts in conclusory fashion that disclosure in the Interim Fee Decision of her name and/or information about the illnesses she alleges she has experienced after receipt of the HPV vaccine would constitute an unwarranted invasion of privacy and "could result in a negative impact on any future attempt at employment." Mot. for Redaction (ECF No. 64) at 2. She does not, however, back up these assertions with any particularized showing that her personal circumstances or employment would cause the disclosure of such information to be more invasive or harmful to her than to other Vaccine Program petitioners.

In support of her motion, Petitioner primarily cites *W.C.* That case, while well-reasoned, does not control the outcome of the present motion. *Hanlon v. Sec'y of Health & Human Servs.*, 40 Fed. Cl. 625, 630 (1998), *aff'd*, 191 F.3d 1344 (Fed. Cir. 1999) (decisions by the Court of Federal Claims are guiding but non-binding to the decisions of special masters (except in the same case on remand)).[4] *Langland* is equally persuasive, and has been followed by other special masters. *See, e.g.*, *Anderson*, 2014 WL 3294656, at *4 n.l4 (citing other consistent cases). Special masters have also questioned *W.C.*'s assumptions that FOIA's privacy provisions should be read congruently with those in the Vaccine Act and its promulgating rules, noting distinctions between the two statutory schemes. *Id.* at *7.

I need not, however, harmonize these two competing authorities, or conclusively adopt one or the other in ruling on Ms. Lamare's motion – for I find that under either approach, Petitioner

---

[4] By contrast, Federal Circuit decisions are binding on special masters. *Guillory v. Sec'y of Health & Human Servs.*, 59 Fed. Cl. 121, 124 (2003), *aff'd*, 104 F. App'x 712 (Fed. Cir. 2004); *see also Spooner v. Sec'y of Health & Human Servs.*, No. 13-159V, 2014 WL 504728, at *7 n.12 (Fed. Cl. Spec. Mstr. Jan. 16, 2014).

4

has failed to make a proper showing that the requested information should be redacted. Rather, Ms. Lamare seems to operate from the assumption that she automatically is entitled to redaction once she requests it. This is not the case. *Anderson*, 2014 WL 3294656, at *4 (citing *Langland*, 2011 WL 802695, at *5); *see also Pearson v. Sec'y of Health & Human Servs.*, No. 03-2751V, 2011 WL 4863717, at *5 (Fed. Cl. Spec. Mstr. Sept. 22, 2011) ("[p]etitioner's preference to keep his damages award private is not a sufficient reason to . . . justify redaction"). Rather (and even under *W.C.*) Vaccine Program petitioners seeking redaction must always make some kind of showing as to why disclosure would be harmful to the petitioner. *W.C.*, 100 Fed. Cl. at 460 (noting that balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). The petitioner in *W.C.* made this showing by offering an affidavit in which he explained that his work at a federal governmental department required him to testify frequently for the government in cases "involving criminal and administrative violations of immigration and nationality laws," and therefore the release of his name and details about the medical conditions stemming from his flu vaccination would potentially harm him professionally by impacting his credibility. *Id.* at 447.

In this case, Ms. Lamare has not substantiated her concern that disclosure of her name or her illnesses would be harmful to her personally or professionally. Even in cases following *W.C.* (explicitly or implicitly), petitioners' redaction requests have been denied where they failed to substantiate the basis for the request. *See, e.g.*, *Eisler v. Sec'y of Health & Human Servs.*, No. 10-786V, 2013 WL 221522, at *4 (Fed. Cl. Spec. Mstr. Jan. 11, 2013) (petitioner's request for redaction not comparable to facts in *W.C.*, where petitioner had not established that her professional circumstances would be negatively impacted by disclosure of her disease, and thus alleged privacy concerns occasioned by disclosure were too speculative), *reconsidered on remand*.[5]

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction of my interim fee decision, and I therefore **DENY** the motion.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] The special master subsequently reconsidered her denial of the petitioner's request for redaction after the petitioner provided evidence that she had received a telephone call (on her unlisted line) from a stranger wishing to discuss her damages settlement, finding "that petitioner's fright concerning the unwelcome telephone contact as sufficiently impressive so as to justify redacting her name to her initials." *Eisler v. Sec'y of Health & Human Servs.*, Order on Remand (Apr. 3, 2013). I similarly am prepared to reconsider this order once there has been a substantive decision or ruling in this case, if Petitioner requests redaction at that time, and/or if Petitioner substantiates any future request.